UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARY STEWART,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 1:23-cv-00642-JMS-KMB |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Gary Stewart ("Plaintiff") and states as follows:

## I. Parties and Jurisdiction

1. That Plaintiff is a citizen of the State of Indiana residing in Montgomery County.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.**

2. That Defendant, Lincoln, provides (sic) does business in the County of Montgomery, State of Indiana, in that it provides long term disability benefits to the qualified employees of Nucor Corporation.

**ANSWER: Lincoln admits that it is an Indiana Corporation and that it issued a Group Disability Income Policy (the "Policy") to Nucor Corporation ("Nucor"), which Policy, at certain times, insured benefits paid by the Nucor Corporation Long Term Disability Plan (the "Plan"). Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.**

3. That this court has jurisdiction pursuant to the Employee Retirement Income Security Act 29 USCA 1132(e)(1).

**ANSWER: Lincoln admits that Plaintiff's claims are governed by ERISA under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.**

## II. Factual Allegations

4. That Plaintiff was an employee of Nucor Corporation, where in his capacity as an Overhead Crane Operator, he was a participant in the Plan.

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Nucor as an Overhead Crane Operator, and was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.**

5. That Plaintiff was forced to stop working due to medical conditions on or about April 22, 2020.

**ANSWER: Lincoln admits Plaintiff's last day of work at Nucor was April 22, 2020. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.**

6. That Plaintiff applied for long-term disability benefits and received benefits from July 22, 2020 through January 31, 2022.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, long term disability ("LTD") benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

7. Plaintiff was denied continuing benefits under the aforementioned insurance policy on or about April 8, 2022.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln admits that it sent a letter to Plaintiff dated April 8, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

8. That Plaintiff administratively appealed this denial on September 23, 2022, as he suffers from numerous medical impairments that qualify him for continuing benefits under the terms of the Plan.

**ANSWER: Lincoln denies that it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

9. That Defendant has refused to acknowledge the appeal or issue a decision on the appeal. Plaintiff's appeal is therefore deemed denied pursuant to ERISA.

**ANSWER: Lincoln denies that it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan and denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. Because Defendant has failed to exercise its discretion in deciding the claim, the Court may exercise *de novo* review of the case.

**ANSWER: To the extent that Paragraph 10 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

11. That as a result of Defendant's conduct, Plaintiff has been denied benefits rightfully due him under the Plan and has incurred Attorney fees in order to rectify the harm done to him.

**ANSWER: Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with attorney fees, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.**

12. Lincoln is both the claims adjudicator and payer of this claim.

**ANSWER: Lincoln admits it issued the Policy to Nucor, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.**

13. Lincoln benefits financially from denying Plaintiff's claim.

**ANSWER: Lincoln admits it issued the Policy to Nucor, which Policy, at certain times, insured benefits paid by the Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.**

14. Lincoln has a conflict of interest in this claim.

**ANSWER: Lincoln admits it issued the Policy to Nucor, which Policy, at certain times, insured benefits paid by the Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

WHEREFORE, Plaintiff herein, by counsel, respectfully prays for judgment against the Defendants (sic), with interest, in an amount commensurate with his past due benefits, interest, reinstatement of his benefits, for Attorney fee reimbursement, and for all other just and proper relief in the premises.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for LTD benefits from the Plan under the Policy beyond January 31, 2022, in that Plaintiff has not submitted an appeal of the denial of such claim, as required by the terms of Policy, and as stated in Lincoln's April 8, 2022, letter to Plaintiff.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 8th day of May 2023.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
*Pro Hac Vice* Motion Pending
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I certify that on the 8th day of May 2023, the foregoing **ANSWER** was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE, PC
mdavidson@hankeylaw.com

s/ Iwana Rademaekers